Paloma Dale, OSB No. 183261
Paloma.dale@lasoregon.org

Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org

Legal Aid Services of Oregon
230 N.E. Second Avenue, Ste. A
Hillsboro, OR 97124
Telephone: (503) 648-7163
Facsimile: (503) 648-0513

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **HORTENCIA MARIA HERNANDEZ**, | Civil No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **SIRI AND SON FARMS, INC.** | Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. § 1854); Citizenship Discrimination (42 U.S.C. § 1981); Oregon Wage Law |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

## I.    INTRODUCTION AND FRAMEWORK

1. Plaintiff brings this action under the Migrant and Seasonal Agricultural Worker

Protection Act, 29 U.S.C. §§ 1801 et seq. (hereafter "AWPA") and Section 1981 of the Civil

Rights Act of 1866, 42 U.S.C. § 1981, to redress Defendant's unlawful and discriminatory

treatment of a qualified U.S. citizen agricultural worker and preferential treatment of foreign H-2A workers.

2.   The H-2A visa program authorized by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(a), allows agricultural employers who anticipate a shortage of domestic workers to bring foreign workers to the U.S. to perform temporary or seasonal agricultural work.

3.   To be approved for the H-2A program, the petitioning employer must certify that the employment of any H-2A workers will not adversely affect the wages and working conditions of workers in the United States similarly employed. 8 U.S.C. § 1188(a)(1)(B); 20 CFR § 655.0.

4.   Accordingly, U.S. Citizens engaged in "corresponding employment" are entitled to the same wages and benefits as promised to the foreign H-2A workers.

## II.    JURISDICTION

5.   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and 1343.

6.   Jurisdiction is also proper pursuant to 29 U.S.C. § 1854 (a) of AWPA.

7.   Pursuant to 28 U.S.C. §1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that defendant resides in and all of the events giving rise to Plaintiff's claims occurred in Oregon.

## III.    PARTIES

9.   Plaintiff is a resident of Marion County, Oregon.

10. At all times relevant, defendant was a domestic corporation doing business in Marion County, Oregon.

//////////

PAGE  2-    COMPLAINT

## IV.    FACTUAL ALLEGATIONS

11. Defendant operates a farm in Marion County, Oregon, where it grows and harvests seasonal agricultural produce.

12. Plaintiff is a U.S. Citizen.

13. Plaintiff worked for Defendant in 2016 and 2017 doing seasonal agricultural work.

14. In 2017 defendant filed an Application for Temporary Employment Certification with the U.S. Department of Labor (DOL) to bring foreign workers to work in its farm under the H-2A visa program.

15. Defendant's 2017 H-2A application was approved.

16. As part of the 2017 H-2A application process, defendant filed a job order with the Oregon Employment Department and the DOL.

17. Defendant's 2017 job order contained the material terms and conditions of the H-2A job and covered a period of employment from April 21, 2017 to December 13, 2017.

18. Throughout the period of employment covered by the 2017 H-2A job order, plaintiff performed work included in the H-2A job order and performed by H-2A workers.

19.  Defendant paid plaintiff only $11.50 per hour for approximately 1212.083 hours of work she performed under the 2017 H-2A job order.

20. In 2017, defendant paid the non- U.S. citizen workers it hired to do the work described in the H-2A job order more than $11.50 per hour.

21.  The adverse effect wage rate (AEWR) set by the DOL for 2017 was at least $13.38 per hour.

22. For 2017, Defendant owes plaintiff, as unpaid wages, approximately $2,278.72, the difference between the AEWR and the hourly rate she received.

23. In 2018, defendant once again filed an Application for Temporary Employment Certification with the DOL to bring foreign workers to work in its farm under the H-2A visa program.

24. Defendant's 2018 H-2A application was approved.

25. The 2018 job order contained the material terms and conditions of the H-2A job and covered a period of employment from April 10, 2018 to December 12, 2018.

26. Defendant knew that, under DOL regulations governing the H-2A program, it had an affirmative duty to contact former U.S. workers to recruit them to work for the 2018 season.

27. Defendant did not contact plaintiff before the start of the 2018 season to notify her about available work.

28. Defendant did not contact plaintiff at the beginning of the 2018 season to notify her about available work.

29. Defendant did recruit non-U.S. citizen workers to come to the U.S. on H-2A visas to work at its farm for the 2018 season.

30. The H-2A workers recruited for the 2018 season began working in April 2018.

31. Plaintiff subsequently learned that work had begun for the 2018 season at defendant's farm.

32. Plaintiff applied in person at defendant's St. Paul, Oregon location for a position as a Harvester/Buncher on or about July 16, 2018.

33. Plaintiff indicated to defendant that she had done seasonal agricultural work for defendant during the prior season.

34. On or about July 16, 2018, upon receiving her application, defendant told plaintiff it did not need additional workers and that defendant would call her if there were any job openings.

35. Defendant had notice that plaintiff was a U.S. citizen from the employment paperwork she completed for 2017.

36. Defendant knew that DOL regulations governing the H-2A program obligated it to hire any qualified U.S. applicants that applied during the first half of the job order period.

37. Plaintiff had all prior work experience required in defendant's 2018 H-2A job order and was qualified to perform the 2018 H-2A job with defendant.

38. Plaintiff applied for the H-2A job within the first half of the 2018 H-2A job order period.

39. Nevertheless, defendant did not interview or hire Plaintiff for the 2018 season.

40. Defendant allowed two or more non-U.S. citizen H-2A workers to begin work on or around the date that plaintiff submitted her application in July, 2018.

41. Defendant would have treated plaintiff differently if she were a foreign worker instead of a U.S. citizen.

42. Defendant would have treated plaintiff more favorably with regard to the recruitment and hiring process if she were a foreign worker instead of a U.S. citizen.

43. But for its preference to hire non-U.S. workers, defendant would have hired plaintiff in 2018.

44. On or about November 25, 2019, plaintiff's counsel sent defendant a demand for payment of the AEWR wages which defendant should have paid plaintiff for the 2017 season and outlining plaintiff's claims for discrimination and violation of the AWPA.

45. To date, defendant has not tendered payment to plaintiff.

46. On April 15, 2020, plaintiff offered to participate in mediation with defendant to attempt to resolve these issues.

47. Plaintiff has attempted in good faith to resolve the issues in dispute without litigation, as required by 29 U.S.C. § 1854(c)(2).

48. Plaintiff regularly performs agricultural work and would be willing to return to employment with defendant if defendant complied with the laws relating to the employment of U.S. workers by H-2A employers.

## V.    CLAIMS FOR RELIEF

### First Claim – Migrant and Seasonal Agricultural Workers Protection Act

49. Defendant violated the terms of its working arrangement with plaintiff pursuant to 29 U.S.C. § 1832(c) in the following manners:

    a.   When it violated the substantive requirements and immigration laws imposed on H-2A employers by intentionally refusing to hire plaintiff, a qualified U.S. applicant.

    b.   When it failed to pay plaintiff the AEWR in 2017 for all hours she was engaged in corresponding employment for defendant.

50. Defendant failed to pay all wages owed to plaintiff when due in violation of 29 U.S.C. § 1832(a).

51. Defendant knowingly provided false or misleading information to plaintiff concerning the terms, conditions or existence of employment available in violation of 29 U.S.C. § 1831(e) by telling plaintiff that there was no position available for her during an active job order period.

### Second Claim – Citizenship Discrimination in violation of 42 U.S.C. §1981

52. Defendant's intentional favoring of and preferential treatment towards non-U.S. citizen H-2A workers in discrimination against plaintiff based on her status as a U.S. citizen is in

violation of the rights afforded to her by the Civil Rights Act 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

53. Defendant deprived plaintiff, a U.S. citizen, of the same rights as are enjoyed by non-U.S. citizen H-2A workers to the creation, performance, enjoyment, and all benefits and privileges, of their employment relationship with Defendant, in violation of 42 U.S.C. §1981.

54. As a result of defendant's discrimination in violation of Section 1981, plaintiff has been denied employment opportunities providing substantial compensation and benefits, causing her to suffer monetary and/or economic damages, including, but not limited to, loss of past income for which she is entitled to an award of monetary damages and other relief.

55. As a result of defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

56. To remedy the violations of the rights of plaintiff secured by Section 1981, plaintiff requests that the Court award her the relief prayed for below.

**Third Claim – Oregon Penalty Wages**

57. Because defendant willfully failed to pay all wages as required by ORS 652.145, plaintiff is entitled to penalty wages under ORS 652.150.

## VI.    PRAYER FOR RELEIF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief in her favor and against defendant:

1.  On her First Claim her actual damages or $500.00 per violation, whichever is greater, pursuant to 29 U.S.C. §1854(c)(1);

2.  On her Second Claim, equitable monetary relief, and compensatory damages to plaintiff in an amount to be proved at trial;

3.  On her Third Claim, $3,211.20 in penalty wages, pursuant to ORS 652.150;

4.  Her reasonable costs and attorney fees under 42 U.S.C. §1988; ORS 20.082 and ORS 652.200(2);

5.  Prejudgment and post-judgment interest as allowed by law; and

6.  Such other relief as the Court deems just and proper.

## VII.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as allowed under FRCP 38.

DATED this 22nd day of April, 2020.          **LEGAL AID SERVICES OF OREGON**

By: s/Paloma A. Dale
Paloma Dale, OSB # 183261
Of Attorneys for Plaintiffs
230 NE Second Ave, Suite A
Hillsboro, OR 97124
Tel:  503-648-7163
Fax: 503-648-0513

PAGE  8-    COMPLAINT